COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


AUTOMOTIVE INDUSTRIES, INC.
AND
EMPLOYERS INSURANCE OF WAUSAU

MEMORANDUM OPINION*

v.    Record No. 0273-95-4                    PER CURIAM
                                             JUNE 27, 1995
MARY ANN JENKINS


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Cathleen P. Welsh; Wharton, Aldhizer & Weaver, on
            brief), for appellants.

            (Nikolas E. Parthemos; Prosser, Parthemos & Bryant, on
            brief), for appellee.


        Automotive Industries, Inc. and its insurer contend that the

Workers' Compensation Commission erred in finding that Mary Ann

Jenkins proved that her right-sided carpal tunnel syndrome is a

disease within the meaning of "disease" under the Workers'

Compensation Act (the Act).  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

        The facts in this case are not in dispute.  Jenkins worked

for Automotive Industries, Inc. beginning in July 1986.  She

began to experience problems with her right hand in 1993 when she

started using a spraypaint gun at work.  Prior to using the

spraypaint gun, Jenkins worked on the assembly line, putting

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

together automobile visors.  In October 1993, she was assigned the job of cleaning armrests.  This job involved paring off excess foam rubber with a small knife.  All of these jobs involved repetitive activities requiring Jenkins to use her right hand.

On February 7, 1994, Dr. Janet M. Dougherty informed Jenkins that the numbness and pain in her hand was caused by right-sided carpal tunnel syndrome which was job-related.  Dr. Dougherty referred Jenkins to Dr. Stephen H. Martenson, an orthopedic surgeon.  Dr. Martenson agreed with Dr. Dougherty's diagnosis, and he also concluded that Jenkins' carpal tunnel syndrome was job-related.  Based upon the medical evidence, the commission found that Jenkins proved that her carpal tunnel syndrome was an occupational disease caused by her employment.

In Merillat Indus., Inc. v. Parks, 246 Va. 429, 436 S.E.2d 600 (1993), the Supreme Court held that the Act "requires that the condition for which compensation is sought as an occupational disease must first qualify as a disease."  Id. at 432, 436 S.E.2d at 601.  This Court defined "disease" as:

> "any deviation from or interruption of the normal structure or function of any part, organ, or system (or combination thereof) of the body that is manifested by a characteristic set of symptoms and signs and whose etiology, pathology, and prognosis may

2

be known or unknown."

*Piedmont Mfg. Co. v. East*, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993) (quoting *Sloane-Dorland Ann. Medical-Legal Dictionary* 209 (1976)).  The commission has adopted a similar definition of disease.  *See* *Commonwealth, Dep't of State Police v. Haga*, 18 Va. App. 162, 164, 442 S.E.2d 424, 425 (1994) (citing *Fletcher v. TAD Technical Servs. Corp.*, VWC file 150-41-13 (March 12, 1992)). "[T]he word 'disease' has a well-established meaning, and . . . no significant disparity exists among the definitions of that term promulgated by various authorities."  *Haga*, 18 Va. App. 165, 442 S.E.2d at 426.

Credible evidence supports the commission's finding that Jenkins suffered from a compensable occupational disease.  In her June 9, 1994 letter, Dr. Dougherty reported that, based upon diagnostic tests and examinations, the claimant suffered from carpal tunnel syndrome "which is a disease involving compression of the median nerve causing weakness and paresthesias of the hand."  In response to a question posed to her by Jenkins' attorney, Dr. Dougherty, using a definition consistent with the definition of "disease" approved in *Piedmont*, opined that Jenkins' carpal tunnel syndrome was a disease.  Dr. Martenson also diagnosed Jenkins' carpal tunnel syndrome as a disease.

Accordingly, the commission's decision is affirmed.  *See* *id.* at 166, 442 S.E.2d at 426.

*Affirmed.*

3